MEMORANDUM **
Sharyn Kae Meenderinck (“Meender-inck”), the debtor, was involved in a fraudulent securities scheme through Resource Development International (“RDI”) in which investors were told that they were trading European financial instruments when in fact they were investing in a Ponzi scheme. She was sued by the court-appointed receiver in a related securities fraud case, resulting in a judgment against Meenderinck for more than $200,000. A group of 21 individual investors in the RDI investment scheme, nine of whom are appellants here, then brought a separate ac *914 tion against Meenderinck seeking to recover their lost assets.
Meenderinck filed for Chapter 13 bankruptcy shortly thereafter. On her bankruptcy schedule, she listed the $200,000 receiver’s judgment, but did not include the pending suit by the individual investors. By this omission, which she says was accidental, she fell below the unsecured debt limit for Chapter 13 bankruptcy. At the time, this limit was $307,675. 11 U.S.C. § 109(e) (2000). Appellants do not challenge Meenderinck’s good faith.
The bankruptcy court confirmed Meen-derinck’s Chapter 13 bankruptcy plan. The Ninth Circuit Bankruptcy Appellate Panel (“BAP”) affirmed. Appellants then appealed to this court, arguing that, because of their suit against Meenderinck, Meenderinck’s debt exceeded the allowable debt limit under Chapter 13, found at 11 U.S.C. § 109(e).
We review de novo a decision of the BAP, “conducting an independent review of the bankruptcy court’s decision without deferring to the BAP.” Turtle Rock Meadows Homeowners Assoc. v. Slyman (In re Slyman), 234 F.3d 1081, 1085 (9th Cir.2000). The bankruptcy court’s findings of fact are reviewed for clear error and conclusions of law are reviewed de novo. Scovis v. Henrichsen (In re Scovis), 249 F.3d 975, 980 (9th Cir.2001).
In In re Scovis, the Ninth Circuit “explicitly state[d] the rule for determining Chapter 13 eligibility under § 109(e) to be that eligibility should normally be determined by the debtor’s originally filed schedules, checking only to see if the schedules were made in good faith.” 249 F.3d at 982. There was and is no allega tion of bad faith here, so the bankruptcy court properly confirmed the Chapter 13 plan given the facts presented at the time of the petition. Although appellants urge the panel to create a new exception to the Scovis rule, we decline to do so.[1]
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. A three-judge panel does not have authority to modify a rule announced in prior circuit precedent. Miller v. Gammie, 335 F.3d 889, 899 (9th Cir.2003) (en banc).